# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LEROY PURNELL**                                                                                        **PLAINTIFF**

**V.**                                         **NO. 4:17-CV-9-DMB-RP**

**MISSISSIPPI UNIVERSITY MEDICAL**
**CENTER; et al.**                                                                             **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This civil rights action is before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Jane M. Virden. Doc. #5.

## I
## Procedural History

On or about January 20, 2017, Leroy Purnell, acting pro se, filed a complaint in this Court against numerous state and private entities. Doc. #1. Purnell's claims generally arise from allegations that the Mississippi University Medical Center implanted certain biometric devices in him without his permission and that the other defendants either contributed to or failed to investigate this wrongful act. *Id*. On the same date he filed the complaint, Purnell also filed a motion to proceed in forma pauperis. Doc. #2. On or about February 3, 2017, Purnell filed a "Motion for Emergency Protective Order" which seeks an order enjoining "all law enforcement agencies ... and their employees, medical facilities and ... personnel, or any entities ... that are involve[d] in the covert attacks ...." Doc. #4.

On March 15, 2017, United States Magistrate Judge Jane M. Virden[1] issued a Report and Recommendation recommending that: (1) Purnell's motion to proceed in forma pauperis be denied because his claims are frivolous and because Purnell lacks standing to pursue the claims;

---
[1] This case was subsequently reassigned to United States Magistrate Judge Roy Percy on August 8, 2017. Doc. #6.

(2) the motion for protective order be denied because Purnell cannot establish a likelihood of success on the merits; and (3) this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Doc. #5. The Report and Recommendation was mailed to Purnell at the address listed on the docket. Purnell has not objected to the Report and Recommendation.

## II
## Analysis

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the [parties] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (*citing Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

The Court has reviewed the Report and Recommendation and has found one instance of plain error on the face of the record. The Report and Recommendation, without discussion, states: "because Purnell has failed to show an injury in fact, he lacks standing to bring this action. *See Riethmiller v. Electors for the State*, 2012 WL 4742363, at *1 (W.D. Va. Oct. 4, 2012) (dismissing case as frivolous, finding that plaintiff lacked legal standing to bring claims.)." Based on the citation and accompanying parenthetical, it appears the Report and Recommendation concluded that because Purnell's claims were factually frivolous, he could not show an injury in fact and thus could not establish standing. This was not the conclusion in *Riethmiller*, which found a lack of a particularized injury in fact in a prisoner's challenge to President Barack Obama's eligibility as a candidate, nor any authority of which this Court is aware. Rather, the law is clear that where, as here, "the merits of the claims asserted are

2

intertwined with the jurisdictional issue of standing," a court may not engage in a "preliminary factual inquiry into the plaintiff's standing." *Barrett Comp. Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 219 (5th Cir. 1989). Thus, courts routinely dismiss in forma pauperis claims on factual frivolity, but not for lack of standing. *See, e.g., Plattenburg v. Gilliam*, No. H-17-1651, 2017 WL 3008660, at *2 (S.D. Tex. July 13, 2017).

Here, Purnell has alleged violations of his bodily integrity caused by various state actors. While the Report and Recommendation properly characterized these allegations as factually frivolous, the allegations are sufficient to state an injury in fact to support standing. *See Kirola v City & Cty. of San Francisco*, 860 F.3d 1164, 1175 (9th Cir. 2017) ("Article III is not superfluous. Its standards exist apart from the merits, and are well established."). Accordingly, the Report and Recommendation is **REJECTED in Part** as to the portion related to standing. However, the remainder of the Report and Recommendation is free from plain error. Therefore, other than the sentence referring to lack of standing, the Report and Recommendation [5] is **ADOPTED in Part** as the order of the Court. Purnell's motion to proceed in forma pauperis [2] and motion for a protective order [4] are **DENIED**. This action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 20th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**